Our next case is Realtek Semiconductor Corporation v. ITC, docket 23-1187. Counselor Chen, I understand you'll be arguing for 10 minutes, and Mr. Liddell will argue for five. Is that you're splitting your argument? That's correct, Ron. I think Mr. Chen is going to go first. Yes, okay. And Mr. Angeles, you may proceed. You have reserved five minutes of time for rebuttal. That's right, Your Honor. Thank you so much. May I proceed, Your Honor? Yes, Your Honor. Good morning, and may it please the Court, Theo Angeles of K&L Gates for petitioner Realtek Semiconductor Corporation. This is yet another baseless action relating to this $1 million bounty clause that Mediatek offered to FutureLink to sue Realtek. After conducting discovery, Realtek determined that there was no evidence for key FutureLink to come forward with evidence for those claims, and when it did not, it filed a sanctions motion, which the ALJ denied, and which became the commission's decision. Is a sanctions decision, is it appealable? It is, Your Honor. Is it appealable here? It is, Your Honor. So under 1295A6 And what authority do you have for that? So, Your Honor, there is the primary authority is the language of the statute itself, 1295A6. And what 1295A6 says is that this Court has exclusive jurisdiction over all final determinations of the commission relating to unfair trade practices. And so there doesn't seem to be any dispute that this is a decision of the commission and that it is a final, it's a final determination. It's final. Well, final determination is a word, term of art in the ITC, right? So the question is, is this a final determination of the sort that 337C refers to? That's right, Your Honor. And so our view is that 337C refers to final determinations in certain subsections of 337 that do not include sanctions. Sanctions are addressed only in that final sentence of 337C that says that such matters are also reviewable, but it doesn't say here. That's right, Your Honor. So there are three jurisdictional clauses in 337C, sort of one, two, and three. And they were added at different times under different situations. And under three, the third jurisdictional clause, it refers to, the second and third refer to determinations rather than final determinations. Those don't apply to you. The second and first do not apply to us. That's right. The third one does apply to us. And it confirms that sanctions are reviewable. So far, so good. Yes, indeed. We all agree on this one. The next part is the hard part. But, Your Honor, so our understanding is that the language of final determination is not being used in a special way because one reason we know that is if we look at Clause 3, it refers to determinations under Sections E and F, for example, which would make no sense if final determination under E and F and determination, I think no one is suggesting that a determination under Clause 3 on forfeiture of bonds, for example, under E and F would not come to this court. But that's because of the first sentence that we're talking about, right? I mean, the problem you have is that the sentence that says you get to go to the Federal Circuit doesn't include subsection H, right? So, you know, the sentence that says any person affected by a final decision, that doesn't refer to actions under subsection H, right? Under the first clause. Yes. That's correct, Your Honor, yes. Okay. So, of course, nobody is disputing that the third sentence doesn't relate to jurisdiction in the Federal Circuit for Sections E and F because they are referred to in that first sentence. But there are different determinations. So, E and F bond forfeiture decisions is not the same thing as a final determination under Clause 1, for example. And my understanding is that the Commission's position is that the things under E and F in Clause 3 come to this circuit, which feeds into our view that you don't need two different statutes to provide the Federal Circuit jurisdiction. 1295A6 on its own provides this court its jurisdiction. Well, for example, the second sentence that no one has addressed is a sentence that we've construed, at least with respect to advisory opinions, as not giving us jurisdiction. I don't know if you're familiar, Allied Corporation against ITC? Are you familiar with that case? Not offhand, Your Honor. Okay. Well, that's what that case holds. So, it's not the case that everything that falls into 337C is mentioned in those three sentences that we have jurisdiction. So, it looks to me like, as I read this statute, that the things that come to us are defined in the first sentence. I don't see why the other two sentences necessarily bring things to us. I understand your argument about 1295A6, but we've said in a number of cases, going back, I guess, to one of Oscar Davis's opinions in, what was it? Visco Fan. Before Visco Fan, there was a case, yeah, Block against ITC. And I think he said something to the effect of that the ITC's order is neither intrinsically a final determination nor the equivalent of a final determination, and then says, a final determination is a final administrative determination on the merits, excluding or refusing to exclude articles from entry. This order is not a final administrative decision on the merits excluding or refusing to exclude articles from entry. So, under that authority, it seems to me you have a hard time saying why this, and this was in light of 1296, 1295A6 still existing. Don't you have a hard time then saying that notwithstanding that language, you've got jurisdiction here? I don't, Your Honor, and here's why. So, Block was, the question in Block was whether the dismissal was sufficiently final to support this Court's jurisdiction. And if the Court determined that there was not finality. So, there was no holding in Block. But it had to be both final and also on the merits excluding or refusing to exclude articles from entry. I think if you look exactly at the sentence you quoted, Your Honor, you would see that it was a, in that case, it would be a necessary but not an exhaustive category. So, for example, H, 1994 is when H is added. This third review provision is added to 337C. And there's no case to our knowledge that holds in any way that when Congress says to this Court, here is an important determination that can be reviewed, that it meant to exclude this Court from doing so. And that's what we're asking ourselves. Did Congress, Congress said in Section 3, I want there to be a review of sanctions determinations. And the question is, what did Congress mean by that? Did Congress mean that if Real Tech prevailed on summary determination before the ITC because there was no evidence on these key elements, and also sanctions were awarded or not awarded because there was no evidence, that the summary determination order would come to this Court, but the sanctions order would go to the District Court of D.C.? Well, but there are instances in which, for example, the CIT has jurisdiction over some of the orders entered by the ITC, right? I mean, that's the... Not in 337, Your Honor. So 1295A6 refers specifically... Not anything under 337? To the best of my knowledge, no, Your Honor. I think that's why 1295A6 has the language it does, because Section 337 is really a confined area of the ITC's jurisprudence. If Congress had intended H to be brought in to the group of final determinations listed earlier in the statute in the first sentence, it would have been pretty simple just to add the letter H up with the others. But instead it created a third sentence in which it said, also reviewable, but not referring to the Federal Circuit. The first sentence does refer to the Federal Circuit. That's right. Well, I would... Why do you think of it that way? What's the explanation? It makes sense. I'm sorry, Your Honor, I interrupted you. No, no, I'm finished. So in Clause 3, Clause 3 was added as a block, basically, as part of the 1994 amendments to Section 337. And so the government, for example, the Commission relies on the fact that G was added to the first clause at some point, but that was not done at the same time. So Congress simply chose to amend by adding in just a specific provision that addressed these issues rather than going Would it have been clearer? Would it have been easy? It would have been clearer. And easy. Had they done. It's hard to know what's easy for Congress, Your Honor. And so...  But 1295A6, we don't need two jurisdictional provisions to get to this Court's jurisdiction. There's already 1295A6, which says that a final determination is sufficient. That's what this Court looks at. And to the extent there's some suggestion that determinations and final determinations are treated differently in 337C, I don't think that the statute will bear that. If you look at the way the word determination is used in Clause 2, for example, Your Honor, it just doesn't match up with that. And so this Court has to decide, do we extend the prior rulings of this Court? None of them are binding. None of those rulings are binding on this panel as to how it should resolve this question. And when you have a situation where Congress has specified that review should occur of a sanctions determination, and has also separately specified that this Court has exclusive jurisdiction over final determinations relating to unfair trade practices, and as we've cited in the Celotex case, which involved the jurisdiction of the Bankruptcy Court, relating to is interpreted very broadly. Can I ask you a question? You said that our prior precedent interpreting the statute is not binding on us. I take it that you're saying even though that prior precedent, some of it relies on the rationale that final determination is specially defined by Section 1337C, that we're not bound by that? I think, Your Honor, certainly this Court is bound by the prior determinations of its panels. What I'm saying is this is a new question. This Court has never decided whether, by Congress adding the statement saying we want there to be review of sanctions decisions, what it meant was we want you to go to some other court to do that. We don't want you to go to the Federal Circuit. Can we presume that Congress was familiar with VSCOFAN, or can we presume that Congress was familiar with D.C. Circuit case law that says that when it doesn't specify a particular court, you're not going to be able to go from an agency directly to a court of appeals? Yes, Your Honor, but VSCOFAN involved a situation where Congress didn't speak to the reviewability of a determination on this issue. So that's why it's a very different situation. VSCOFAN involved something that was not specified in 337C. Here we have a situation where it is specified in 337C. What about the general principle that, I guess this doesn't matter either, but just the general principle that the district court, we're going to presume if there's not a court identified, you will presume that it's going to be reviewed by a district court. And I take it your response to that is, oh, you can't presume that here because of the first sentence in Section 1337C. I would say the first part of that, but I would say it's because of 1295A6 that said this court is the exclusive jurisdiction for final determinations and determinations are specified. This is a determination that's final. And our precedent has addressed that. What's the final determination? And it's one that goes through the merits that deals with the issue of excluding by the specialized exclusion orders imports. So your honor, and your case does not involve that. So I would say this, your honor, our case involves a final determination on the merits of a sanctions issue. And that's how we read those cases. Those cases don't, those cases were only addressing the statute as it existed at the time when it didn't provide. To get to your, your interpretation, we have to, we have to engage in quite a bit of jumping around in the regulations. I mean, we have something that's applies to this situation. And that is this court and it names the court. We don't have to guess as to which court we're talking about. Names this court by name that we have jurisdiction over final determinations of the commission. Doesn't say anything about sanctions. And, and we don't have to, we have defined what a final determination is in the past. Our precedent does that. So your honor, I would say that the expressio unius canon that your honor is invoking doesn't apply in this case because of the language of 1295A6. And I don't think that this court's prior, respectfully, I don't think this court's prior opinions explicitly state that when there is a guidance in the, in 337C that reviewability should happen, that that's outside of 1295A6. So I see I'm well into my rebuttal time. I'm happy to address the other issues now, or I can do that on rebuttal. Okay. Thank you, your honor. Thank you. Attorney Chen. Good morning, your honors. May it please the court, Kathy Chen for the ITC. I'd like to first start off with some questions the panel asked about subject matter jurisdiction here. There's no inconsistency between section 1295A6 and section 337C. Section 337 existed long before section 1295A6 came into existence when this court was created. And even before then, there was a very common understanding, a special understanding of what final determinations meant. So going back to this predecessor court's understanding in import motors, allied, block, all of these decisions define final determinations appealable under section 1295A6 to mean those recited in section 337C. And specifically in crucible, this court defined final determinations to mean final administrative decisions made by the commission on the merits as to whether to or not to exclude articles from entry. There's no such final determination here on the merits. There's no final determination made under subsections D, E, F, or G. Now if I would also like to comment that Congress did not intend for all sanctions to be reviewable by this court. Sanctions determinations that are challenged under the APA are often determined in a federal district court. Has there been any cases, I think I know the answer to this, but I take it there have been no cases where there's been an APA appeal taken to a district court. There has. In Jubilant on page 33 of the IPCB. That wasn't a sanctions case. It was not a sanctions. It was a declassification decision. But in the same vein, the declassification Are you aware of any, there are no sanctions cases. That was my question. Have there been any sanctions cases? No, I am not aware of a sanctions decision alone being litigated in the federal district court. I think the Jubilant case though, however, is on point here because it is a declassification decision that also was not a final determination on the merits made under subsections D through G. And it was brought, challenged in the federal district court, DC district court. In the same vein here, Realtek could have challenged the sanctions, denial of sanctions decisions here in a federal district court. However, this court does not have jurisdiction. And if I could also briefly discuss the last two sentences of subsection C. I think this court's precedent in Hyundai decision interpreted based on the legislative history and statutory language, the second to last sentence of subsection C. It found in the Hyundai decision, it said that this last second to last sentence was intended by Congress to convey a less stringent standard review for certain commission findings related to the remedy, the public interest and bonding. In the same fashion, this. Right. But in Hyundai, if I recall correctly, the court did exercise jurisdiction. The court did because there was a final determination on the merits, exclusion orders were issued. Oh, exclusion orders were issued in Hyundai? Exactly. Okay. So the question, well, how did the question then of the second sentence or second to last sentence? It was because the appellant challenged the remedial orders and the commissions. As part of the final determination challenge. Exactly. And there was a dispute as to what standard review applied to the commissions. And that's when 706 E and A came into play. Exactly, Your Honor. And the court said, looked at the legislative history and the language of that second to last sentence and said, it was Congress intended to apply a less stringent standard, the abuse of discretion standard to certain commission findings. But that second to last sentence is not a grant of jurisdiction upon this court that's separate from that third to last sentence. Right. In similar fashion, if you look at in 1994, when Congress added this last sentence that includes subsection H, the structure of this last sentence is very similar to the second to last sentence, including use of the word also. And that intends to convey that this last sentence is also to merely provide a less stringent standard review for certain findings on bond forfeiture and imposition of sanctions. Now, certainly, for instance, there's the organic kimia case where the commission entered default judgment. There are sanctions decisions that would be reviewable by this court. That's not this case. But they have to be attached to a final determination, I take it. Or they have the operative effect or intrinsically a final determination under D, E, F, or G. This is like Ameren or Amgen. Exactly, Your Honor. What about Allied Corporation against ITC? Are you familiar with that case? Yes. In Allied, it was a modification. There was two Allied cases. Okay. I'm talking about the one at 850 Fed Second. Right. In that one, there was a modification. And so the modification, actually, the court found that it had an operative effect in affecting the original exclusion order that was issued in the underlying investigation. And for that reason, it's... But the court talked... Part of that opinion that I'm really focusing on is the portion in which they said, with respect to the second sentence, an advisory opinion would not be within the scope of this court's jurisdiction. An ITC advisory opinion. Right. In that one, the advisory opinion is also not a final determination under D, E, F, or G. And for that reason, the court said that it did not have jurisdiction over the advisory opinion. So that would be an example of something in one of the last two sentences that was a decision, that is the last decision that the ITC is going to make on this issue, which doesn't have jurisdiction laid in this court, right? This court would not have jurisdiction, but also in advisory opinions, the court would not be... The commission would not be issuing any remedial relief of exclusion orders, and it would not be actually making a final determination on the merits. Yeah, I'm trying to get a sense from you whether you regard that case and the holding with respect to advisory opinions as supporting the view that there are provisions, there are things in the second and third sentences that don't come to this court, but could presumably go to another court. Yes. But also as another example, under subsection J, when a final determination, where there's a finding of violation with an exclusion order, it goes to the president for review. There's a Duracell case by this court where these kind of reviews by the president are also not reviewed by this court, right? And even though an exclusion order was issued in these type of situations. If there are no further questions, the commission asked this court to dismiss the entire appeal based on lack of jurisdiction, including lack of standing. Thank you. Okay. Mr. Lidell, you have five minutes. Thank you, Your Honor. I'm happy to address the jurisdictional questions, but I think my friend, my colleague has adequately discussed those. If the court has questions for me about those that are any different, obviously we agree with the commission that there is no jurisdiction here. I was going to address the underlying merits, even assuming there was jurisdiction. And just briefly, I think I'll say that there's been no showing that the ALJ and the commission in any way abused their discretion in denying the sanctions request. I think the record is pretty clear that the arguments were considered, that Realtek suggests that somehow there was a failure to consider its arguments under the APA. That's just not true. It made essentially two arguments. It argued that there was no evidence or evidentiary support. The ALJ clearly considered and rejected that argument. It also argued that there was essentially an improper purpose. The ALJ also rejected that, although they no longer appeal that issue. There's really nothing that the case law doesn't suggest that the ALJ had to sort of specifically go through every piece of evidence or every factual contention that Realtek makes. That's not the law here in reviewing whether an APA violation existed. They tried to basically transform their disagreement with the end result into an APA argument that just doesn't work here. I'm happy to answer any questions, but I don't know if there's more I need to speak to. Thank you for your argument. Thank you, Your Honor. I want to return to the Allied Corp case that Judge Bryson mentioned, because I've sort of re-familiarized myself a little bit with it. My reading of that case is that it turns on the same issues that Block turned on. In fact, it cites Block and relies on it, and it was a finality issue. So the issue there was whether an advisory opinion that was identified as an advisory opinion was actually reviewable because it was so denominated. And it created a hypothetical question for a court of appeals to not be able to review. And I'm looking here at 1579 to 80, the discussion that's there, and what this court, I believe, said. I was actually looking at 1578 to 79, where it starts in on the whole question. First, starting at the paragraph, if we're going line by line here, under B, the second paragraph. And it says they are not, these advisory opinions are not reviewable because they are not final determinations required by Section 337C and 1295A6. And that's what struck me as suggesting that in cases that are governed by the second sentence of 337, the second to last sentence of 337C, that you've got a situation where you can't come to this court. So, Your Honor, I actually read that completely differently, and so let me tell you why. If you look at the portion of the opinion that's talking about this issue, it says, ITC advisory opinions, then it has a citation, are not reviewable by this court because they are not final determinations required by 337C and 1295A6. And then the court goes on to say, the reason that's true is, quote, the commission may at any time reconsider any advice given under this section, and where the public interest requires, rescind or revoke its prior advice. That's language of finality, Your Honor. That's not language of reviewability. The word final, in two different senses here, it's sort of like the word jurisdictional, which has many, many meanings. But if by final we mean a final determination as used as a term of art to refer to something that is so referred to in the earlier part of 337C, then this case seems to stand for the proposition that the second to last sentence does not have a jurisdictional home in this court. If what you mean by final determination is any determination whatsoever, as long as it satisfies requirements of finality, then that seems to me quite a different animal. That's the position you're taking. That is, Your Honor. I don't think, as I read the way the commission uses that term and the way it's used in the statute, it doesn't seem to me to be the meaning of finality that's intended. But you can respond to that. I am. And this is why the Allied case is so important, because when the Court is talking about finality in Allied, it's using it in the administrative law sense of that word, which, of course, is what is important for jurisdiction, is you need finality under the APA. It's a final determination that's reviewable, and that's why under 337C it uses both final determinations and determinations. It uses both of those terms. I don't, to the best of my knowledge, we're not using, because final determination, if it were used truly in the sense of the art in the commission, wouldn't actually make sense, because most of these findings don't come in final determinations. They come in what are called records of decisions or there are lots of things that the commission issues that are denominated different ways, some of which are remedy, some of which are on the 337 questions, and the commission uses these different terms. Those are all decisions that the ITC makes within the 337 proceeding itself. But the term determinations, final determinations, is a term of art in the ITC world. It is, Your Honor, and I'm agreeing with you. And what I'm saying is that if that were the case, then one would be much narrower than the commission is taking, because things that are not called final determinations are part of DEF&G. When the commission issues its remedy, it doesn't do so in the final determination. It does so in a different document, for example, or the ALJ does so. And so there's no evidence that by using the word final determination in the first clause that Congress enacted and then using the word determination in the other clauses, it proves too much. It's not consistent with the plain language of the statute. And what the Supreme Court has consistently told the courts of appeals, including this one, is look to the statutory language. Let's look at the language. There has to be some reason to believe that something, some special meaning was anticipated, rather than the plain meaning of the statute. Do you have another question? No. Okay. Thank you, Your Honor. Thank you. We thank the parties for their, for their argument.